FILED

2013 Dec-03  PM 01:17
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### EASTERN DIVISION

| | |
|---|---|
| **SPARTA INSURANCE COMPANY,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No.: 1:13-CV-1692-VEH** |
| **v.** ) | |
| ) | |
| **DANNY JOE POORE, et al,** ) | |
| ) | |
| **Defendants.** ) | |

---

## <u>MEMORANDUM OPINION AND ORDER</u>

This is a declaratory judgment action filed by the plaintiff, SPARTA Insurance Company ("SPARTA") against its insureds, the defendants, Danny Joe Poore d/b/a Economy Pest Control[1], Carlos Slaght, Joan Slaght, and Andrew Hunter. (Doc. 1). The plaintiff seeks, *inter alia*, a declaration that it is not required to indemnify or provide a defense for the defendants in underlying lawsuits filed against them in the Circuit Court of Calhoun County, Alabama.

The case comes before the court on the motion to dismiss filed by defendants Carlos Slaght, Joan Slaght, and Andrew Hunter, pursuant to Rule 19 of the Federal Rules of Civil Procedure. (Doc. 17). In the alternative, these defendants ask the

---

[1]Economy Pest Control is at times referred to in the complaint as "EPC."

court to stay this case "until consideration of the joinder of indispensable parties and their appearance and answer." (Doc. 17 at 3). The motion was filed on October 28, 2013. (Doc. 17). The court's non-summary judgment motion scheduling order provides that the plaintiff's response to that motion was due "no later than fourteen (14) calendar days thereafter," (doc. 4 at 23) which in this case would have been November 11, 2013. That day being a Federal Holiday, the response was due November 12, 2013. Fed. R. Civ. P. 6(a)(1)(C). On November 15, 2013, the plaintiff filed a response to the motion. (Doc. 19). The court's scheduling order provides that any reply was due "no later than seven (7) calendar days after the date on which the opponent's responsive brief was due." (Doc. 4 at 23). Using the date on which the response <u>was actually filed</u>, the reply would have been due on November 22, 2013. As of the date of this opinion, the movants have not filed a reply.

For the reasons stated herein, the motion will be **DENIED**.

## I.    STANDARD

Under Rule 19 and Rule 12(b)(7) of the Federal Rules of Civil Procedure, a party may move to dismiss an action if a "required" party cannot feasibly be joined. "With respect to motions to dismiss pursuant to Rule 12(b)(7), the "'courts are loathe to grant motions to dismiss of this type.'" *Microsoft Corp. v. Cietdirect.com LLC*, 08-60668-CIV, 2008 WL 3162535 at *5 (S.D. Fla. Aug. 5, 2008) (quoting *Sever v.*

*Glickman,* 298 F.Supp.2d 267, 275 (D.Conn.2004)).  The party moving for dismissal of the case bears the burden of proof in a motion to dismiss for failure to join an indispensable party under Rule 12(b)(7).  *West Peninsular Title Co. v. Palm Beach County* 41 F.3d 1490, 1492 (11th Cir. 1995) (citing 5A Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1359); *see also Am. Gen. Life & Acc. Ins. Co. v. Wood*, 429 F.3d 83, 92 (4th Cir. 2005) ("The burden of proof rests on the party raising the defense . . . to 'show that the person who was not joined is needed for a just adjudication.'") (quoting 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1609 (3d ed.2001)).

"[A] ruling on a motion to dismiss for failure to join a necessary and indispensable party requires the Court to accept the allegations of the complaint as true, and the Court may go outside the pleadings and look at extrinsic evidence." *Rotec Indus., Inc. v. Aecon Grp., Inc.*, 436 F. Supp. 2d 931, 933 (N.D. Ill. 2006) (*citing Davis Cos. v. Emerald Casino, Inc.*, 268 F.3d 477, 479-80 nn. 2, 4 (7th Cir.2001)); *see also, U.S. ex rel. Century Ready Mix Corp. v. N. Am. Specialty Ins. Co.*, 72 Fed. R. Serv. 3d 1372 at *1 (W.D. Ark. 2009) (Barnes, J.) (same); *Microsoft Corp. v. Cietdirect.com LLC*, 08-60668-CIV, 2008 WL 3162535 at *5 (S.D. Fla. Aug. 5, 2008) (Ungaro, J.) (same).  "A Rule 12(b)(7) motion will not be granted because

3

of a vague possibility that persons who are not parties may have an interest in the action." *Raytheon Co. v. Continental Cas. Co.*,  123 F. Supp. 2d 22, 32 (D. Mass. 2000).

The Eleventh Circuit has explained:

> Rule 19 is a two-step inquiry. First, we determine whether the parties . . . are "required" parties. Fed.R.Civ.P. 19(a); *see also Temple v. Synthes Corp.,* 498 U.S. 5, 7, 111 S.Ct. 315, 316, 112 L.Ed.2d 263 (1990). If they are required parties, but cannot be joined . . . Rule 19(b) provides a list of factors to "determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed.R.Civ.P. 19(b).

*Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011).

"In making the first determination-i.e., whether the party in question should be joined, pragmatic concerns, especially the effect on the parties and the litigation, control."

*Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) (internal citations and quotations omitted).

> The proponent of a motion to dismiss under 12(b)(7) has the burden of producing evidence showing the nature of the interest possessed by an absent party and that the protection of that interest will be impaired by the absence. *Ilan–Gat Eng'rs, Ltd. v. Antigua Int'l Bank,* 659 F.2d 234, 242 (D.C.Cir.1981); *Martin v. Local 147, Int'l Bro. of Painters,* 775 F.Supp. 235, 236–37 (N.D.Ill.1991); *Ashley v. American Airlines, Inc.,* 738 F.Supp. 783, 788 (S.D.N.Y.1990). The proponent's burden can be satisfied by providing "affidavits of persons having knowledge of these interests as well as other relevant extra-pleading evidence." *Martin,* 775 F.Supp. at 236 (quoting 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1359, at 427 (1990)).

*Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994); *see also, Weeks v. Hous. Auth. of City of Opp, Ala.*, 86 Fed. R. Serv. 3d 849 (M.D. Ala. 2013) (Fuller, J.) (citing *Collier*); *Davis v. CDA, Inc.*, 1:09-CV-406-WKW, 2010 WL 454909 at n. 3 (M.D. Ala. Feb. 10, 2010) (Watkins, J.) (citing *Collier*). "When the court decides under Rule 19(a) that a person should be joined the court should direct the plaintiff to amend his complaint to add the person. Failure to comply with such an order may result in dismissal of the plaintiff's action under Rule 41(b)for failure of a party to comply with an order of court." *English v. Seaboard Coast Line R. Co.*, 465 F.2d 43, 47-48 (5th Cir. 1972).[2]

"'If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed.'" *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1344 (11th Cir. 2011) (quoting Rule 19(b)); *see* also, *Davis v. Raymond*, 12-22578-CIV, 2013 WL 2047424 at *4 (S.D. Fla. May 14, 2013) ("[D]ismissal for failure to join an indispensable party is only appropriate where the nonparty cannot be made a party."). A district court's dismissal is reviewed for abuse of discretion on appeal. *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843,

---

[2] *See Bonner v. City of Prichard, Ala.*, 661 F.2d 1206, 1209 (11th Cir. 1981) (holding that decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981, are binding in the Eleventh Circuit).

847 (11th Cir. 1999).

## II.    FACTUAL BACKGROUND

On June 20, 2012, Carlos Slaght and Joan Slaght filed a lawsuit in the Circuit Court of Calhoun County, Alabama, against "Danny Joe Poore d/b/a Economy Termite and Pest Control." (Doc. 1-1 at 8 (complaint in *Slaght, et al. v. Danny Joe Poore d/b/a Economy Termite and Pest Control*, CV-2012-900319.00). In that lawsuit, the Slaghts allege that they had a "written termite retreatment and damage repair contract, bond, and guarantee" with the defendant (doc. 1-1 at 13), and that they paid the amounts due on the agreement (doc. 1-1 at 13). The Slaghts allege that

> the termite treatment and protection services EPC provided at the Slaght house beginning in 1991 were faulty, and that EPC either did not disclose or remedy a termite infestation each subsequent year it serviced the Slaghts' house until 2012. Due to the alleged poor treatment/service, the Slaghts' house became infested with termites, causing them to sustain property damage and mental anguish.

(Doc. 1 at 4).

On June 19, 2013, Andrew Hunter filed a lawsuit in the Circuit Court of Calhoun County, Alabama, against "Danny Joe Poore d/b/a Economy Termite and Pest Control." (Doc. 1-1 at 29 (complaint in *Hunter v. Danny Joe Poore d/b/a Economy Termite and Pest Control*, 11-CV-2013-900368.00). In that lawsuit, Hunter alleges a that he had an "annually renewable termite treatment warranty and service

agreement" with the defendant (doc. 1-1 at 33) and that he paid the amounts due on the agreement (doc. 1-1 at 33).  Hunter alleges

> that the termite treatment and protection services EPC provided at his house in 2010 were faulty, and that EPC either did not disclose or remedy a termite infestation each subsequent year it serviced Hunter's house until 2012. Due to the poor treatment/service, Hunter claims his house became infested with termites, causing him to sustain significant property damage and mental anguish.

(Doc. 1 at 6).

According to the complaint in the instant case, "Economy Pest Control is the named insured on an insurance policy issued by SPARTA, which is defending the underlying lawsuits under a strict reservation of rights." (Doc. 1 at 3).  The complaint states that "Kathleen Poore" was listed as an "owner" of EPC on the original application of insurance.  (Doc. 1 at 8).

The application referenced is attached to the complaint as "Exhibit E."  (Doc. 1-1).  It lists "Economy Pest Control" as the "First Named Insured."  (Doc. 1-1 at 50). It is undated, except that the following appears, in handwriting, in a blank next to the words "Requested Policy Period:" "Immediate 11/15/08-09."  (Doc. 1-1 at 50). One line of this document contains four boxes.  (Doc. 1-1 at 50).  The first is followed by the word "Individual" and has a handwritten "x" in it.  (Doc. 1-1 at 50).  The remaining three boxes have written next to them the words "Partnership,"

"Corporation," and "Other," respectively.  (Doc. 1-1 at 50).  None of those boxes are

marked.  (Doc. 1-1 at 50).  The document notes that Kathleen Poore, who is listed as

an "officer/owner," owns "100%" of the insured.  (Doc. 1-1 at 50).  The document is

signed only by Danny Poore.  (Doc. 1-1 at 52).

> Danny and Kathleen Poore
>
> also submitted signed, handwritten letters as part of the application
> process. The first stated:
>
>> Effective 11-5-08, Danny J. Poore and Kathleen Poore
>> DBA Economy Pest Control, 604 Ledford St., Weaver, AL
>> 36227, (256) 820-7172, no longer will engage in structural
>> pest control 'termite treatments.' We do not perform wood
>> infestation inspection reports. We only engage in general
>> household pest control.
>
> The second stated, "We do not perform WRI's for real estate company's
> [sic]. The only WRI's that we do perform is [sic] on homes that have a
> current termite contract with our company. Please call if you have any
> questions. Danny."

(Doc. 1 at 8-9) (quoting doc. 1-1 at 53-54).

A later application for renewal of the insurance, dated November 2009, lists

Danny Poore as the 100% owner of Economy Pest Control.  (Doc. 19-1 at 2).

Attached to the instant motion as Exhibit A are four documents which, on their

face, each purport to be a "Certification of Insurance Pertaining to Licensed

Structural Pest Control Business."  (Doc. 17-1 at 2-5).  Each document lists EPC as

8

the "Insured" and contains the following language:

A.  Rule 80-10-9-.28, Alabama Administrative Code requires that before a permit is issued or reissued to engage in Control of Wood Destroying Organisms; Industrial, Institutional, and Household Pest Control; or Fumigation Pest Control applicant shall provide proof of insurance coverage of not less than $150,000.00 to insure against liability for damage to persons or property occurring as a result of applicant's work or service to premises or any other property under applicant's care, custody or control.

B.  Rule 80-10-9-.28, Alabama Administrative Code requires that applicants permitted to engage in Control of Wood Destroying Organisms and that perform Wood Destroying Organisms Inspections for Real Estate Transaction Inspections shall also have errors and omissions coverage in an amount not less than $100,000.00. Does the insured have errors and omissions coverage as required?

Yes ☐        No ☐

(Doc. 17-1 at 2, 3, 4, 5) (original emphasis omitted).  Below this section, the

following language appears on each document: "Certification  is hereby made that

insurance coverage as required by Rule 80-10-9-.28, Alabama Administrative Code

has been established by the above named insured through liability insurance that

meets or exceeds the minimum amounts specified above."  (Doc. 17-1 at 2, 3, 4, 5).

Below that line are blanks for the name and address of a "Carrier or Agent" and for

an individual making the certification.  (Doc. 17-1 at 2, 3, 4, 5).

The certifications appear to be for the years 2008-2009 (doc. 17-1 at 5), 2009-

2010 (doc. 17-1 at 4), 2010-2011 (doc. 17-1 at 3), and 2011-2012 (doc. 17-1 at 2). The "Yes" box is checked on all certifications <u>except</u> 2011-2012. (Doc. 17-1 at 2, 3, 4, 5). The Carrier or Agent listed on each certification is "Crutchfield & Graves Insurance Agency, LLC." (Doc. 17-1 at 2, 3, 4, 5). For all years except 2008-2009, each certification states that it was performed on behalf of the agency "by" Jim Crutchield. (Doc. 17-1 at 2, 3, 4). For 2008-2009, the certification was by Angie Barber. (Doc. 17-1 at 5).

The policy itself is attached to the complaint and states that the named insured is "Economy Pest Control." (Doc. 1-2 at 3).

## III.   ANALYSIS

### A.   <u>Kathleen Poore</u>

The movants first argue that Kathleen Poore "must be joined" as a "required party" under Rule 19. The rule instructs that Kathleen Poore is "required" only if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
> > (I) as a practical matter impair or impede the person's ability to protect the interest; or
> >
> > (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent

obligations because of the interest.

Fed. R. Civ. P. 19(a)(1)(A)-(B).  The entirety of the movants' argument on this point

is as follows:

> 1.      Plaintiff admits in paragraph 15 and Exhibit E to the Complaint that Kathleen Poore, Defendant Danny Poore's wife, is an owner of "Economy Pest Control" (herein "Economy") which is listed as a proprietorship. DOC 1. In fact, Exhibit E to the Complaint lists Kathleen Poore as the "100%" owner of Economy. Exhibit E also lists the "insured" as Economy Pest Control. Consequently, according to Plaintiff's evidence, "Economy" is a nonexistent legal entity and the only legal entity that applied for and could have been issued the policies at issue was Danny Poore's wife, Kathleen. Hence, as the owner of the policy according to Plaintiff's complaint, Kathleen Poore's rights will be litigated in this case, and Danny Poore is more correctly described as an "additional named or unnamed insured" in insurance parlance.

> 2.      Mrs. Poore is subject to service of process and her joinder will not deprive this Court of Jurisdiction. In her absence, the Court cannot accord any relief between the parties, much less complete relief and her absence may leave the Poores subject to inconsistent obligations and the Defendants (including the Slaghts) open to duplicitous litigation.

(Doc. 17 at 1).

The conclusory statement that "[i]n her absence, the Court cannot accord any

relief between the parties, much less complete relief," does not carry the movant's

burden to <u>show</u> how complete relief could not be accorded in this case.  The plaintiff

in the instant case seeks a judgment that it is not required to indemnify or defend "any

<u>defendant</u> in the underlying suit[s]."  (Doc. 1 at 18) (emphasis added).  The <u>only</u>

11

defendant in the underlying cases is Danny Poore.  The fact that the complaints name him as "Danny Joe Poore d/b/a Economy Termite and Pest Control" does not change the fact that the actions are brought against him, individually.  (Doc. 1-1 at 8, 29) (emphasis added).  The complaints describe only conduct by Danny Poore.  Kathleen Poore is not specifically named in the underlying suits in any capacity.  There is no evidence that she may be liable, in whole or in part, directly or through respondeat superior, for any judgment rendered in those cases.  There does not appear to be any reason why the court cannot declare the extent of coverage in this case without her becoming a party.

Nor is there evidence that Kathleen Poore "claims an interest relating to the subject of this action."  The complaint in this case notes that Kathleen Poore "was listed as an owner on the original application."  (Doc. 1 at 8).  That application, attached to the complaint, notes that Kathleen Poore is the "100%" owner of the named insured on the policy. (Doc. 1-1 at 50).  The movants seem to argue that she is the real named insured because of this language.  They argue that her "rights will be litigated in this case," without explaining what those rights are, or how they will be affected.  Further, the renewal application, filed later, shows that Danny Poore owns the company 100%.  That is the latest application in the record.  Accordingly, even if the court were to assume that the "100% owner of the company" is

12

conclusively established by the representations made in the applications, the most recent application shows that Kathleen Poore currently has no interest in the company at all.  The movants have failed to show how, under these circumstances, Kathleen Poore would be affected in any way by a judgment in this case.

Further, even if Kathleen Poore is the 100% owner of the company, the movants have provided no authority for the proposition that a named insured must <u>always</u> be considered a necessary party, especially where, as here, she is unnamed in the underlying suits.  Indeed, "[c]ontrary to [any] blanket assertion that all insured are always indispensable parties[,] . . . courts have held in a variety of circumstances that not all insureds must be joined in a declaratory judgment action." *Great W. Cas. Co. v. Firstfleet, Inc.*, CA 2:12-00623-KD-N, 2013 WL 4165715 (S.D. Ala. July 18, 2013) report and recommendation adopted as modified, CIV.A. 12-00623-KD-N, 2013 WL 4165719 (S.D. Ala. Aug. 15, 2013) (*citing In re Chinese Mfd. Drywall Prods. Liab. Litig.,* 273 F.R.D. 380, 390–91 (E.D.La.2011)); *see also, Royal Ins. Co. of Am. v. Caleb V. Smith & Son, Inc.*, 3:90CV651(WWE), 1997 WL 835058 at *3 (D. Conn. June 16, 1997) (citing cases).

Also, since her husband has been sued here, Kathleen Poore is surely aware of this action, but has not sought to intervene.  It has been noted that

[i]f a person knows of the action but chooses not to participate, the court

13

should be reluctant to find that person to be a required party under Rule 19 based on the possible harm to its interests." Fed.R.Civ.P. 19 Westlaw Commentary; *see also Powers v. City of Seattle,* 242 F.R.D. 566, 568 (W.D.Wash.2007) ("[T]he Court will not second-guess the [absent party's] assessment of its own interests."); *Rotec Industries, Inc. v. Aecon Group, Inc.,* 436 F.Supp.2d 931, 937 (N.D.Ill.2006) ("When the outsider is aware of the action and does not claim such an interest, courts typically will not second-guess the decision."); *Blumberg v. Gates,* 204 F.R.D. 453, 455 (C.D.Cal.2001) ("[T]he Court believes that it should, consistent with Rule 19, respect the decision of the absent parties, who have never claimed an interest in the present litigation, to remain on the sidelines since doing so will not prejudice the City.").

*Innotex Precision Ltd. v. Horei Image Products, Inc.*, 679 F. Supp. 2d 1356, 1362 (N.D. Ga. 2009).  Surely Kathleen Poore, moreso than the movants or this court, is the better judge of whether her rights might be impaired by this action. Absent some explanation as to why she has not sought to intervene, the court will not second guess her failure to do so by ordering her to be made a party.

## B.   <u>Other Parties</u>

The movants also write:

3.    Moreover, Plaintiff fails to join the following parties who presence is indispensable to decisions on the defenses in this case and important to all Defendants: Crutchfield and Graves Insurance Agency LLC (herein "C&G¡"); Jim Crutchfield, an Alabama citizen and insurance broker; Angie Barber, a citizen of an unknown state and insurance broker and agent of C&G as well as an agent and broker of Capital Risk Underwriters and National Purchasing Group for Pest Control Operators, Inc. (herein "Capital Risk" and "NPGPCO"; Capital Risk and NPGPCO, are believed to be Florida entities and agents of Plaintiff; and Michael

14

Howard Schmidt, believed to be a Florida citizen and licensed broker as well as agent for Plaintiff as well as a licensed Alabama insurance broker and principal in Capital Risk and NPGPCO.

4.      Parties identified in the immediately preceding paragraph, on information and belief, sold non-compliant insurance to Defendant Poore and Kathleen Poore, or were themselves underwriters of some or all of the risk associated with any policy at issue between the parties, as agents of Plaintiff and thereafter either amended said policies or, alternatively, falsely certified to the Alabama Department of Agriculture that such insurance complied with the financial responsibility provisions of Alabama Statutory law on behalf of and as agents for both Plaintiff and Defendant Poore (or as agents of plaintiff). EXHIBIT A hereto.

(Doc. 17 at 2-3).  This argument is pure speculation that there <u>might</u> be some cause of action against these entities and individuals.  But "[h]ypothetical proceedings ... are not sufficient to establish a potential for multiple or otherwise inconsistent liabilities ...." *Rotec Indus., Inc. v. Aecon Grp. ., Inc.,* 436 F.Supp.2d 931, 938 (N.D.Ill.2006).  Even if there is some claim against these entities and individuals, or some of them, the movants fail to show why they must be added to <u>this</u> case.[3]

_____

[3]The movants also state:

if joinder is feasible and diversity is not destroyed, the pro se Defendants Danny and Kathleen Poore who are lay persons without resources to hire legal counsel, should be equitably deemed to have asserted causes of action against the entities identified in paragraph three, above, consistent with the affirmative defenses raised by the Slaghts, and counterclaims and cross-claims for promissory fraud, misrepresentation and deceit and concealment connected with issuing Certifications of Insurance coverage when none was actually provided as acknowledged in the 2011 Certification as to Errors and Omissions coverage or alternatively for negligent failure to procure insurance coverage. EXHIBIT A hereto.

## IV.   CONCLUSION

Based on the foregoing, the motion is **DENIED**.

**DONE** and **ORDERED** this 3rd day of December, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

---

(Doc. 17 at 3).  As the motion to add these parties will be denied, this request is also **DENIED as moot**.  Further, the movants provide no legal authority or evidentiary basis for why such relief would be appropriate.  Further, they do not explain why they, as opposed to Danny and Kathleen Poore themselves, have standing to request such relief.  The request is **DENIED** for these reasons as well.